# CHURCHILL *v.* GOODWIN.

---

PATENTS; INTERFERENCE; APPEAL AND ERROR.

Where the record in an interference case shows that, a year after the declaration of the interference, judgment of priority was awarded

by the Examiner of Interference to the senior party because of the failure of the junior party, after due notice, to file a preliminary statement, and there is nothing in the record to show that an injustice was thereby done to the junior party, a decision of the Commissioner of Patents awarding priority to the senior party will be affirmed. (Following *Hallowell* v. *Darling, ante,* 405.)

No. 562. Patent Appeals. Submitted January 15, 1909. Decided January 18, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.        *Affirmed.*

The facts are stated in the opinion.

*Mr. Frank T. Brown* and *Mr. Francis A. Hopkins* for the appellant.

*Mr. R. C. Mitchell* and *Mr. Langdon Moore* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding. The subject-matter of the interference is an improvement in locks for locker doors. It is unnecessary to set out the issue for the purpose of deciding the case before us.

Appellee, Edward C. Goodwin, filed his application on January 9, 1904. Appellant, Durand Churchill, filed his application August 7, 1905. The interference was declared March 12, 1907.

Appellant, the junior party, failed to file any preliminary statement, as required by the rules of the Patent Office. It appears from the statement of counsel that the time for filing the preliminary statement was extended repeatedly, but this extension, or the reasons therefor, do not appear in the transcript of record, and are not properly before us for consideration.

On March 24, 1908, the Examiner of Interferences rendered the following decision: "On February 13, 1908, notice was giv-

en that judgment on the record would be rendered against
Churchill, the junior party, for failure to file a preliminary
statement, unless he should, by March 14, 1908, show sufficient
cause why such action should not be taken. This time having
passed, and no sufficient showing having been made [the peti-
tions by Churchill having been denied by the Commissioner],
judgment of priority of invention of the subject-matter in issue
in this interference is hereby rendered in favor of Edward C.
Goodwin, the senior party." The petitions referred to within
the brackets in this decision do not appear in the record.

From the record it is impossible for us to even pass upon the
question of the proper exercise of discretion by the Commis-
sioner of Patents. It appears that one year elapsed between the
declaration of the interference and the decision of the Examiner.
During this period, appellant failed to file his preliminary state-
ment. Due notice was given him by the Patent Office to the ef-
fect that, if this statement was not filed by a given date, judg-
ment would be rendered against him on the record. He failed
to respond to the notice, and judgment was accordingly ren-
dered. So far as the record before us discloses, no injustice was
perpetrated upon appellant by any of the tribunals of the Pat-
ent Office, and, in the absence of such showing, we must presume
that none was committed. The extension and limitation of the
time within which appellant should file his preliminary state-
ment was a matter within the discretion of the Commissioner.
The exercise of discretion in refusing to longer continue the
case in order to give appellant further time to file his prelimin-
ary statement is not subject to review by us, unless it clearly
appears from the record that the rights of appellant have been
prejudiced by an unwarranted departure from the law or rules
of procedure regulating proceedings of this kind in the Patent
Office. *Hallowell* v. *Darling,* present term [*ante,* 405], and
cases cited. No such abuse of discretion is apparent on the face
of this record.

The decision of the Commissioner of Patents is therefore
affirmed, and the clerk is ordered to certify these proceedings as
required by law.                                   *Affirmed.*